WILLIAM C. CLARK *et al. vs.* R. I. LOCOMOTIVE WORKS *et al.*

PROVIDENCE—JULY 17, 1902.

PRESENT : Stiness, C. J., Douglas and Blodgett, JJ.

(1)  *Stockholders' Liability.    Equity.    Discovery.    Pleading.*

A bill in equity against an insolvent corporation and its treasurer personally, brought by a judgment creditor to compel the discovery of the names and holdings of the stockholders at the time when the claim of the creditor against the corporation was contracted and when it became due, in order that the creditor might commence his action against the stockholders, did not state when the corporation was chartered, but alleged that at the times specified it was a manufacturing corporation having a manufactory in the city of Providence.    On demurrer, on the ground that it did not appear by the bill that the corporation had ever accepted chapter 180 of the General Laws or was subject to its provisions :—

*Held,* that no facts which modified the general provisions of the statute could be brought before the court on demurrer unless they appeared in the bill, but that the defence should have been taken by plea or answer.

(2)  *Stockholders' Liability.    Equity Pleading.*

*Held,* further, that a demurrer on the ground that the bill failed to deny that the stockholders protected themselves against individual liability, as provided in Gen. Laws cap. 180, § 14, was well taken,

(3)  *Bill of Discovery.*

The office of a bill of discovery, to enable a party having a good cause of action to begin his suit properly, is not superseded by Gen. Laws cap. 244, § 47, "Of the production of documentary evidence in the possession of an adverse party."

*Quære,* whether said section is a substitute for such a bill in aid of a pending suit.

(4)  *Discovery.  Equity Pleading.*

An averment, in a bill seeking discovery of the names and holdings of stockholders, that the names, residences, and amounts of stock were unknown to complainants; that they had requested the treasurer of the corporation to give them this information but that he had neglected to do so, and that they had no means of ascertaining these facts, is sufficiently definite, and shows that complainants have taken all the means incumbent upon them to ascertain the facts.

BILL IN EQUITY.  Heard on demurrer, and demurrer sustained.

DOUGLAS, J.  The complainants, judgment creditors of the defendant corporation, bring this bill against the defendant corporation and its treasurer personally, to compel the discovery of the names and holdings of the stockholders in said corporation at the time when their claim against the corporation was contracted and at the time when it became due.

(1)  The bill alleges that during the pendency of their suit the corporation was adjudged insolvent upon its voluntary petition, and that all its assets have been distributed amongst its creditors other than these complainants.  It is further averred that the complainants are non-residents of Rhode Island, and their names were not included by the defendant corporation in the list of creditors and debts which it filed in the insolvency proceedings, and that they did not in any way become parties thereto.  It is further averred that the defendant corporation is and was a manufacturing corporation in this State, but did not on or before February 15, 1897, or on or before February 15, 1898, file in the office of the city clerk of Providence (where the manufactory of the defendant corporation was then established) the certificate required by chapter 180, section 11, of the General Laws.  The bill further avers that the plaintiffs desire and intend to commence their suit at law against the stock-

holders of the defendant corporation who owned the stock of said corporation at the time the agreement was made whereon the complainant's action against the corporation was founded, and at the time that their right of action for breach of said contract accrued for the noncompliance by said stockholders with the requirements of said statute ; that the complainants do not know the names and residences of said stockholders and the amount of stock held by said stockholders respectively ; that they have requested the treasurer of the defendant corporation to give them this information, but he has neglected to do so ; that they have no means of ascertaining these facts which it is necessary that they should know in order to commence and prosecute their intended suit at law.

The defendants severally demur to the bill, on the ground that the complainants are not entitled to discovery in this proceeding : first, because it does not appear by the bill that the defendant corporation, which they say was chartered in 1860, subject to the Revised Statutes of 1857, has ever accepted chapter 180 of the General Laws, or is subject to its provisions.

Secondly, because the bill does not state a meritorious case against the stockholders, inasmuch as it does not deny that the stockholders protected themselves from individual liability, as provided in section 14 of chapter 180.

Thirdly, because the provisions of Gen. Laws cap. 244, sec. 47, afford a complete substitute for a bill of discovery, and such a bill will no longer be sustained.

Fourthly, because the bill does not allege that the complainants do not know any one of the stockholders, or that they have taken other means to ascertain their names than to inquire of the treasurer.

Fifthly, because the complainants, not having proved their claim in the insolvency proceedings, have lost their remedy against the corporation, and this defence is available to any stockholder in an action on the judgment against him.

The first objection should have been taken by plea or answer. The bill does not state when the defendant corporation was chartered, but alleges that at the times specified it was a manufacturing corporation having a manufactory in the city of

Providence.   No facts in relation to the defendant corporation which modify the application of the general provisions of the statute can be brought before this court on demurrer unless they appear in the bill.

(2)     The second cause of demurrer we think must be sustained. Section 14 provides that any stockholder may avoid his personal liability, incurred by default of the directors under section 11, by filing an individual statement in the office of the town clerk.   If such statements were made the complainants have no cause of action, and they can readily ascertain the fact.   It is no hardship to require them to negative the compliance with the law in all particulars when they are setting forth a case to recover a penalty.

This objection, however, may very probably be removed by amendment, and, as the further grounds of demurrer have been argued and would then become material, they may be considered at the present time.

(3)     The provision of the General Laws cap. 244, § 47, for the production of a document in the possession of the adverse party to a suit or proceeding, has been held to include under the name "document" the record book of a corporation, *Arnold* v. *Pawtuxet Valley Co.*, 18 R. I. 189, and doubtless includes the stock ledger or transfer book as well; but the remedy given by this section is available only to the parties to a suit or proceeding already begun.

We need not consider here the question whether the statutory procedure is a complete substitute for a bill of discovery in aid of a pending suit.   The familiar office of a bill of discovery, to enable a party who has a good cause of action to begin his suit properly, is still as necessary as ever, and this ground of demurrer is untenable.

(4)     We think the allegation of want of knowledge of the names and holdings of the stockholders is sufficiently definite, and that the complainants have taken all the means to ascertain these facts which are incumbent upon them before resorting to this court for assistance in their search.   The last reason urged is contradicted by the provisions of the insolvency law.   The complainants are not citizens of Rhode Island, and the act itself,

chapter 274, General Laws, does not assume to affect the claims of others than our own citizens unless they come in voluntarily under section 31 and submit to be bound by the adjudication and discharge.

*W. R. Perce,* for complainants.

*Edwards & Angell, James M. Ripley, and John Henshaw,* for respondents.