## ISAAC BACHARACH

### *v.*

## ARMENIA L. BARTLETT et al.

[Decided May 2d, 1913.]

1. In a suit for a stay of execution upon a judgment against a corporation, until a meeting of its stockholders can be had to elect a new board of directors so that the company may apply to set aside the judgment, the bill was filed by a stockholder against the judgment creditor and the judgment debtor corporation as defendants, alleging that the complainant was the owner of two thousand out of the whole three thousand shares issued by the corporation and that the judgment was collusive and without legal foundation.

A cross-bill filed by the defendants added as other defendants, one Carlton Godfrey and the Greater Atlantic Development Company, alleging, as respects the complainant and Godfrey, that said two thousand shares of stock were given to the complainant in trust for himself and the defendant Godfrey as collateral security for loans to the said judgment debtor corporation; that such loans had been repaid and that the collaterals should be surrendered to the judgment creditor defendant which is prayed may be decreed; and further alleging, as respects the development company, that in order to put the judgment debtor in funds the judgment creditor had first mortgaged and then conveyed her own real

estate for the judgment debtor's benefit, the same ultimately passing from the judgment debtor corporation to the development company, and prayed an accounting from the development company of the consideration paid by it for the said conveyance.

Upon demurrer to such cross-bill by the development company—*Held,* that the demurrer will be sustained upon the ground that a discovery by the demurrant of the consideration price, and to whom and how paid, and an accounting therefor to the judgment creditor cross-complainant, if unpaid, is obviously in nowise germane to the struggle between the complainant in the original bill and the cross-complainant judgment creditor for the said two thousand shares of stock.

2. Neither is the cross-bill maintainable against the development company as a bill for discovery only in aid of the cross-bill against the complainant and Godfrey. For a bill for discovery only has its limitations. The person from whom the discovery is demanded must have some interest in, and the facts sought must be material to, the issue involved in the same, and neither of these essentials is present.

On demurrer to cross-bill.

*Messrs. McCarter & English,* for the demurrant.

*Mr. William M. Clevenger, contra.*

WALKER, CHANCELLOR.

The bill of complaint sets forth this state of facts. The complainant is the owner of two thousand of three thousand shares of the capital stock of the W. G. Bartlett Company. He purchased them from the defendant Armenia L. Bartlett in 1906. The remaining shares are owned by Mrs. Bartlett and her two sons, one of whom is the company's president. The two sons and the complainant constitute the board of directors of the company. The stock was purchased by the complainant upon representations made to him by Mrs. Bartlett as to the financial condition of the company, in which she did not disclose an indebtedness to her of upwards of $300,000. In August of 1912 an action was commenced in the supreme court by Mrs. Bartlett against the company to recover the debt. Service was made upon her son, the president. Judgment was entered by default against the company for $327,292.98. A writ of *fi. fa.* issued to the sheriff of Atlantic county, by virtue of which he intends to sell the Bartlett

building and other realty of the judgment debtor. The claim on which the judgment is founded is without legal basis. The complainant was ignorant of the debt and of the action until after the judgment was entered. The items comprising the debt are outlawed, with the exception of one of $7,500. The judgment is the result of collusion between the judgment creditor and her son, to impair the value of the complainant's capital stock. No corporate action was taken to consider the advisability of a defence. The prayer is for a stay of execution until a meeting of the stockholders can be had to elect a new directorate (proceedings for which have been begun), to the end that the company may apply to the supreme court to open and set aside the judgment. The Bartlett company and the sheriff are joined as defendants.

Armenia L. Bartlett and the Bartlett company answer jointly, in which they assert the *bona fides* of the debt recovered by the judgment, and deny the fraudulent conduct charged in the bill. They cross-bill against the complainant, to which they add Carlton Godfrey and the Greater Atlantic Development Company as defendants.

The cross-complaint recites at great length the various financial vicissitudes of the W. G. Bartlett Company, extending over a period of more than ten years, in which the development company had no part, and much of which is unnecessary to be here given in detail. Pertinent features as against the complainant and Godfrey are, that the two thousand shares of stock of the Bartlett company were given to the complainant in trust for himself and the defendant Godfrey, as collateral security for loans to be made by them to the Bartlett company; that these loans were made and have been repaid, and that the collaterals should be surrendered to Mrs. Bartlett, which is prayed may be decreed. The development company, it is claimed, is involved, because of the following circumstances: To put the Bartlett company in funds, Mrs. Bartlett joined the company in a mortgage to the Guarantee Trust Company for $175,000, by which she encumbered her own realty located in South Atlantic City and in Longport, in conjunction with the Bartlett building. Later, the Bartlett company again being in distress, and to rehabilitate its treasury, Mrs.

Bartlett conveyed her equity of redemption in the mortgaged premises to the Bartlett company, with the understanding that this property was to be sold and the proceeds applied in liquidation of the mortgage encumbrances on the Bartlett building. The Bartlett company then executed a new mortgage of $174,000 to the Guarantee Trust Company, the proceeds of which were used to pay certain named obligations, and $103,000, the unpaid balance of the $175,000 mortgage. Subject to the mortgage of $174,000, and for other consideration, the W. G. Bartlett Company conveyed to the development company the South Atlantic City and Longport real estate. The cross-bill alleges that the development company paid all cash for the land which it received by this deed from the W. G. Bartlett Company aforesaid, but that the W. G. Bartlett Company never received a full accounting therefor. From whom the Bartlett company hoped to receive an accounting does not appear, but it may be assumed that the pleader intended the complainant and Godfrey, who were instrumental in effecting the transfer. In this situation the cross-bill prays an accounting from the development company of the consideration paid by it to the Bartlett company for the conveyance, and that if the full consideration price has been paid to discover the amount, what was paid in cash or otherwise, and if otherwise, how, and to whom payment was made, and whether by check or cash.

To the cross-bill the development company demurs, setting up that it is multifarious and that the matters charged and the relief prayed are not germane to the issue raised by the original bill and answer thereto.

I am at a loss to understand upon what theory the cross-bill complainants regard themselves as entitled to this discovery and relief. The purchase price paid or to be paid by the demurrant for the lands purchased by it from the Bartlett company is manifestly foreign to the issue of ownership of two thousand shares of the stock of that company. A discovery by the demurrant of the consideration price, and to whom and how paid, and an accounting to the Bartlett company, if unpaid, for the real estate conveyed by the Bartlett company to the development company, is obviously in nowise germane to the struggle between the com-

plainant and the defendant Mrs. Bartlett for the stock of the Bartlett company.

The office of a cross-bill has been frequently stated and its appropriateness illustrated by our courts.

In *Doremus* v. *Paterson, 70 N. J. Eq. (4 Robb.) 296,* Vice-Chancellor Stevens, quoting from the case of *Stonemetz Printers Co.* v. *Brown & Company, 46 Fed. Rep. 841,* says concerning the use of a cross-bill:

"It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original, independent suit. The cross-bill is auxiliary to the proceeding in the original suit and dependency upon it. * * * If its purpose be different from this, it is not a cross-bill, though it may have a connection with the said general subject."

And from Vice-Chancellor Van Fleet's opinion in *Krueger* v. *Ferry, 41 N. J. Eq. (14 Stew.) 432, 436,* as follows:

"The new facts which it is proper for a defendant to introduce into a pending litigation, by means of a cross-bill, are such, and such only, as it is necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it in respect to the cause of action on which the complainant rests his right to aid or relief. If a defendant in filing a cross-bill attempts to go beyond this, and to introduce new and distinct matter not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant, or one or more of his co-defendants, his pleading will not be a cross-bill, but an original bill." See *United States Fidelity and Guaranty Co.* v. *Newark, 72 N. J. Eq. (2 Buch.) 841.*

The counsel of the cross-bill complainant in his brief argues that even though no accounting may be obtained in this suit against the development company, the nature of the facts alleged in the cross-bill is such as to strongly suggest fraud on the part of the complainant and Godfrey, and that under such circumstances the cross-bill will stand against the development company as a bill for discovery in aid of the cross-bill against the com-

plainant and Godfrey. A bill for discovery only has its limitations. The person from whom the discovery is demanded must have some interest in, and the facts sought must be material to, the issue involved in the cause. *Story Eq. Pl.* §§ *311, 323.* Neither of these essentials are present. The demurrer is sustained, with costs.

The pleader in his cross-bill frequently made reference to averments in affidavits filed in this cause, in lieu of pleading the facts disclosed by these affidavits. This was entirely irregular and no consideration was given to these averments.