ISAAC BACHARACH

*v.*

ARMENIA L. BARTLETT et al.

[Decided May 2d, 1913.]

1. Defendants having submitted to answer must answer fully, not only as to their knowledge, but also if they have none, then as to their information and belief, if they have any, of each material statement of the bill.

2. If they have neither knowledge, information nor belief, they must plead the lack in plain unmistakable words.

3. If their knowledge of the things alleged is derived solely from the cross-bill, they must say so, in which event they need not express their belief thereof.

4. That the subjects of which a discovery is asked "are matters of public record and easily ascertained," is not ground for striking out part of an answer for insufficiency. A defendant is not required to put himself to the trouble of gathering information for the purpose of answering.

On motion to strike out parts of answers to cross-bill.

*Mr. William M. Clevenger,* for the motion.

*Messrs. McCarter & English, contra.*

WALKER, CHANCELLOR.

This matter is up on a motion to strike out parts of the answers of the complainant and Godfrey, defendants to the cross-bill, on the ground of insufficiency.

The defendants having submitted to answer must answer fully, not only as to their knowledge, but also if they have none, then as to their information and belief, if they have any, of each material. statement of the bill. If they have neither knowledge, information nor belief, they must plead the lack in plain and unmistakable words. If their knowledge of the things alleged is derived solely from the cross-bill, they must say so, in which event they need not express their belief thereof. . *Thompson* v. *North, 67 N. J. Eq.* (*1 Robb.*) *279.* Guided by these rules, there is no difficulty in disposing of this motion.

*Bacharach Answer.*—The first motion is sustained. The defendant answers that he has no personal knowledge. He should have discovered his information and belief, or if he had none, he should have pleaded it.

The second motion is sustained. The reason set forth in disposing of the first motion applies. The additional ground for the motion, that the subject of which a discovery is asked, "are matters of public record and easily ascertained," is not well founded. A defendant is not required to put himself to the trouble of gathering information for the purpose of answering.

The third motion is sustained. The part of the answer to which it is directed is faulty in the manner pointed out in disposing of the first motion.

The fourth motion is sustained for the same reason.

The fifth motion is sustained. The subject-matter relates to the answering defendant's personal transactions, and of course, is within his knowledge. He should have answered in detail how and to whom the deficiency of money mentioned in the cross-bill (denied by the answer) was paid.

The sixth motion is overruled. The answer denies the existence of an agreement to release the mortgage of $174,000 upon a sale being made of certain lands. If this is true, and

it must be so regarded on this motion, the answering defendant obviously cannot be called upon to disclose its supposed terms.

*Godfrey Answer.*—Motion No. 1 is sustained. The answer relates to matters with which the defendant is familiar. He must disclose all that is within his knowledge, adding thereto his information and belief as to those things of which he has no knowledge.

Motion No. 2 is sustained. An answering defendant cannot acquit himself regarding material allegations of a bill by denying only so much thereof as applies to him. He must give his knowledge, information and belief as to the entire scope of the statement of the bill, to which his answer is directed.

Motion No. 3 is sustained. The defendant undoubtedly has intimate knowledge of the affairs referred to in his answer. He must answer fully.

Motion No. 4 is sustained. If the defendant has no knowledge which, to say the least is doubtful, he should have stated his information or belief.

Motion No. 5 is sustained. The eleventh paragraph of the answer to which the motion applies is argumentative and evasive and lacks the fullness of disclosure required by proper pleading.

Motion No. 6 is overruled, for the reason stated in disposing of the sixth motion to strike out parts of the Bacharach answer.

Both parties prevailing in part, no costs will be allowed.