The bill of complaint herein alleges that by an inquisition of lunacy dated December 28th, 1927, filed in the office of the clerk of the court on January 3d 1928, in a cause entitled: "In the matter of Patrick R. Griffin of the city of Hoboken, in the county of Hudson and State of New Jersey, alleged to be a lunatic," it was found that said Griffin was a lunatic, and of unsound mind, so that he was not capable of governing *Page 77 
himself, his lands and tenements, goods and chattels, and that he had been in the same state of lunacy for the space of one year then last past and upwards; that by a final decree of the chancellor of the State of New Jersey, dated February 16th, 1928, said findings, and all the proceedings in said cause, were in all things confirmed; that sometime during the early part of the year 1927 said Griffin delivered to the defendant herein $25,000 in cash or securities; that at the time of such delivery said Griffin was a lunatic and of unsound mind and not capable of understanding the nature and quality of his acts; that the defendant at that time was, and still is, a physician, who had known said Griffin for a great many years, of whom he was a close associate, whom he had treated professionally at times, and knew his mental condition to be unsound; that by the receipt and acceptance of such cash or securities under the circumstances mentioned the defendant became a trustee of the same for said Griffin; that the defendant has never returned said cash or securities nor accounted for same although a return thereof and an accounting therefor was demanded. The bill prays that the defendant be decreed to make a full and true discovery and disclosure of the moneys and securities received by him from said Griffin from October 1st, 1926, to October 27th, 1927, and particularly moneys or securities to the amount of $25,000 received by him during said period, and that the defendant be adjudged and decreed a trustee as to such moneys or securities received by him during said period, and that he be required to account for the profits derived by him from such moneys or securities, and that he be decreed to pay to said Griffin, or to his guardians, all of such profits, together with the cash and securities aforesaid. The defendant by his (amended) answer admits that he received from said Patrick R. Griffin the sum of $25,000 in securities, but avers that such was received by him in the year 1926 in payment and as compensation for professional services rendered by him as a physician to said Griffin. He admits also that at the time of his receipt of such securities he was, and still is, a physician, that he had known said Griffin for a great many years, was a *Page 78 
close associate of his, and had treated him professionally, but denies that he knew said Griffin to be of unsound mental condition, and he avers the fact to be that at the time he received said securities said Griffin was of sound mental condition and possessed sufficient mind to understand the nature and the effect of said transaction. The matter sub judice is as to whether interrogatories propounded by the defendant should be answered. The purpose thereof appears to be to have Mary C. Griffin, wife of the complainant-lunatic, and one of the guardians of said lunatic, disclose whether she obtained from her husband between July 1st, 1926, and December 28th, 1927, certain securities and moneys mentioned in the interrogatories. Inasmuch as the issue presented by the pleadings herein relates solely to an item of twenty-five (25) one thousand dollar ($1,000) Czecho-Slovakia bonds obtained by the defendant from the complainant-lunatic in the month of October, 1926, under circumstances which complainant alleges should warrant the court in determining that the defendant became a trustee thereof for said complainant, and accountable as such, and which defendant alleges were for professional services rendered by him to said complainant, the irrelevance of the interrogatories in question is clearly manifest. Even though said guardian, the wife of the complainant-lunatic, had received securities and/or moneys from him between July, 1926, and December, 1927, at times mentioned in the interrogatories, such transactions may not be regarded as of any legal consequence whatever in the determination of the issue between the parties litigant herein. Although the instant suit is necessarily prosecuted by guardians of the lunatic, and in his behalf, such guardians cannot be considered as the real parties to the suit. Patrick R. Griffin, a lunatic, is the real party complainant. 32 Corp. Jur. 778 § 611; Demarest v.Vandenburg, 39 N.J. Eq. 130 (at p. 132); affirmed, 40 N.J. Eq. 341.
The propounding of written interrogatories to parties
to a suit upon any matter material to the issue, is authorized by a supplement to the Chancery act of 1902 (P.L. 1915 p. 197 §62), and by rule 84 of this court. As stated hereinabove, the lunatic being the real party *Page 79 
complainant, his disability exonerates him from the requirement to answer written interrogatories, particularly in the absence of proof that said lunatic now enjoys a lucid interval which would reasonably permit him to make answer thereto. The guardians of the complainant-lunatic cannot be regarded as parties complainant in the suit within the purview of the law, and consequently cannot be required to answer defendant's interrogatories.
I will advise an order striking out the interrogatories in question.