MILDRED GREISCHEL, petitioner-respondent,

*v.*

CHARLES GREISCHEL, defendant.

[Argued October 26th, 1942.   Decided January 22d, 1943.]

*Mr. Sam Mendelsohn,* for the appellant.

*Mr. Filbert L. Rosenstein,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

We gather from the briefs that the main action is for divorce; and it is fairly to be surmised that the proper amount of alimony *pendente lite* is the basis of the application made to and granted by an advisory master.   The order advised by him, and before us on this appeal, directs "that the petitioner herein, with the aid of an accountant, to be selected by her, be and she hereby is given permission to inspect, draw and copy memoranda and figures from the books, papers and documents referring to the business, corporate, directorial and stockholding operations of Bouchard & Charvet Dyeing and Finishing Co., Inc., and the Greischel Securities Corporation, and the records of Surosky, Marcus & Co., in so far as they reflect the books, papers and records aforementioned

and in so far as they reflect or evidence any trust agreement made between Charles Greischel and the Greischel Securities Corporation, and in so far as they have in their possession any of the books, papers and records of Bouchard & Charvet Dyeing and Finishing Co., Inc., and the Greischel Securities Corporation, and especially but without limiting the provisions of the foregoing, all such books as aforesaid as reflect the wages, salaries, drawings, commissions, traveling expenses, dividends and earnings of Charles Greischel as well of the entire corporation."

That the petitioner by taking appropriate court proceedings may be entitled to the information sought, may be assumed for present purposes without decision; but that the Court of Chancery was without jurisdiction to make the .order seems clear. The power to compel discovery in a proper case and by suitable procedure is inherent in that court, though subject to certain limitations; *Fuller* v. *Hollander & Co., 61 N. J. Eq. 648; DeBevoise* v. *H. & W. Co., 67 N. J. Eq. 472; Phillips* v. *Interstate Hosiery Mills, 111 N. J. Eq. 432;* but so far as we are aware, it can be exerted only as between parties to a suit. At law the matter is regulated by statute, as in the case of inspection of books (Practice Act of 1903, section 142; *R. S. 2:27-169/70*). *Eaton Axle Co.* v. *Breeze Corporations, Inc., 10 N. J. Mis. R. 1100; affirmed, 111 N. J. Law 282.* In Chancery the subject is treated in rules 85, 86 and 87. Rule 85 dates from 1915, but rules 86 and 87 were promulgated in 1879. *Dickinson's Chancery Precedents (ed. of 1894) p. lv rule 85* seems to have been adopted with a view of dispensing with an affidavit supporting the application: but the language of the rule clearly indicates to us that the discovery is to be made by a party to the suit and not as a substitute for a *subpœna duces tecum.* The language of the rule is "any party may without affidavit apply for an order directing *any other party* to make discovery," &c. It should be needless to point out the limitation of this rule. Clearly it is restricted to parties to the suit.

Our conclusion is that the order made was beyond the jurisdiction of the court below, and it will accordingly be reversed, with costs.

*For affirmance*—None.

