Complainants' bill is for discovery only against the Pennsylvania Railroad Company, hereinafter referred to as P.R.R. Defendant moves to strike the bill.
The bill alleges that complainants, who are employees of the Pennsylvania-Reading Seashore Lines, hereinafter referred to as P.R.S.L., intend to file a bill against their employer alleging against it that it has failed and is failing to abide by the terms of certain agreements entered into between it and its employees, of whom complainants are some; that the failure of P.R.S.L. to abide by said agreements has resulted *Page 545 
and will in the future result in irreparable damage and loss to said complainants and others, "in that the seniority or priority rights, position, standing and status of said complainants and others is constantly and frequently subject to and is changed and altered different from that" which is provided for in said agreements; that "these complainants desire and intend to institute certain proceedings in this court by the filing of bill of complaint in their own behalf, and for the benefit of all other persons similarly situated, for the purpose of having their rights, as provided for in said agreements of November 10th and 20th, 1933, and the roster effective December 1st, 1933, prepared and posted pursuant thereto as aforesaid, determined and protected, and particularly that this court shall by its decree direct the discontinuance of the use of said `Adjustable Seniority Roster' and declare it null and void; that all disturbance and violation of the rights of these complainants as evidenced by said roster effective on December 1st, 1933, as aforesaid, be enjoined," c.
It is further alleged that the rights of certain men employed on the Trenton Division of P.R.R. are affected by the agreements aforesaid and that they are therefore proper and necessary parties to the contemplated suit in this court; that complainants have no means of ascertaining the names and addresses of these employees of P.R.R. other than through a discovery from that company.
The prayer of the bill is:
"That this court may order the defendant, Pennsylvania Railroad Company, to make discovery by and through its proper officers or agents, on oath, of the identity and names of all persons and parties in its employ and assigned to duties as firemen and enginemen on its Trenton Division, or on any division of its railroad lines, who by reason thereof may have any rights likely to be affected by a decree which may be hereinafter entered in the suit intended to be hereafter instituted in this court by these complainants for the purpose stated in the aforesaid bill of complaint, and to make further discovery, as aforesaid, of the addresses and places where each of its said employees may be served with process herein, in order that said parties and persons may be made parties *Page 546 
defendant to said proposed proceeding in this court, and that they may be included among those who may have an interest in or be affected by any decree that may be entered in said proposed proceeding."
It should be noted that complainants do not intend to make P.R.R. a party to the contemplated suit in equity and that no relief other than discovery is sought by the complainants against that company, so that the present suit is one invoking the auxiliary jurisdiction of this court for discovery "purely" and not for discovery in connection with a prayer for relief. The sole purpose of the suit is to procure the names and addresses of proper and necessary parties to the contemplated suit in equity.
The reason urged in support of the motion to strike upon which the stress is laid is "that a bill for discovery alone will not lie against a third party who is a stranger to the suit," citing the following cases in support of this proposition: Miller v.Ford, 1 N.J. Eq. 358; Courter v. Crescent Sewing Machine Co.,60 N.J. Eq. 413; 45 Atl. Rep. 609; citing U.N.J.R.R. C. Co.
v. Hoppock, 28 N.J. Eq. 261; Bacharach v. Bartlett, 81 N.J. Eq. 248
and 253; 86 Atl. Rep. 966 and 87 Atl. Rep. 70;McCarter v. Farmers Loan, c., Co., 105 N.J. Eq. 322;147 Atl. Rep. 785; Griffin v. Londrigan, 107 N.J. Eq. 76;151 Atl. Rep. 611; Attorney-General v. Foster, c., Corp., 133 N.J. Eq. 554;33 Atl. Rep. 2d 699; Greischel v. Greischel, 133 N.J. Eq. 31; 29 Atl. Rep. 2d 901.
Before considering these authorities it should be kept in mind that there are two types of discovery, as pointed out by 1 Pom.
(5th ed.), § 191, first, that which is "an incident of every chancery pleading" and "discovery proper" and that author, in discussing the two kinds of discovery, points out in Note 7,page 276, that the decisions of our courts, while speaking of discovery, have not always been careful to distinguish between the discovery which is a constant incident to the obtaining of relief in every equity suit, and the discovery which is a branch of the auxiliary jurisdiction, obtained in a separate suit without any relief. See, also, 17 Amer. Jur. 3 § 2. *Page 547 
 Pomeroy, section 191, page 277, defines discovery proper as follows:
"It is `in its essential conception, merely an instrument of procedure, unaccompanied by any direct relief, but in aid of relief sought by the party in some other judicial controversy. The suit for discovery, properly so called, is a bill filed for the sole purpose of compelling the defendant to answer its allegations and interrogatories, and thereby to disclose facts within his own knowledge,' c."
That author then proceeds with the history of the auxiliary jurisdiction of this court to compel discovery alone without other relief, see section 191, page 280, and points out insection 195 that as this auxiliary jurisdiction was contrived to supply a great defect in the ancient common law methods and intending to promote justice, discovery was, from the outset, favored by courts of equity, and as a general doctrine "it will always be enforced, unless some recognized and well-established objection exists in the particular case to prevent or to limit its operation."
It seems to be a general rule well established that "no person can properly be made a defendant in a suit for discovery, * * * unless he has an interest in the subject-matter of the controversy in aid of which the discovery is asked." But this rule is subject to certain well-defined exceptions and our courts have frequently compelled discovery in order to obtain names and addresses of proper parties to a suit or proceedings intended to be started.
Cases dealing with the right to discovery in order to determine proper parties are: Brown v. Palmer, 157 Fed. Rep. 797; Kurtz
v. Brown, 152 Fed. Rep. 372; 81 C.C.A. 498; 11 Ann. Cas. 576;
affirming 134 Fed. Rep. 663; Huey v. Brown, 171 Fed. Rep. 641;96 C.C.A. 443; Brown v. Magee, 146 Fed. Rep. 765 (receiver of corporation can bring bill for discovery against a stock broker to discover who is the real owner of stock held in his name as agent); Brown v. McDonald, 133 Fed. Rep. 897; 67 C.C.A. 59;68 L.R.A. 462, reversing 130 Fed. Rep. 964; Middletown Bank v.Russ, 3 Conn. 135; 8 Am. Dec. 164; Coca-Cola Co. v. Atlanta,152 Ga. 558; 110 S.E. Rep. 730; 23 A.L.R. 1339; certiorari
denied in *Page 548 259 U.S. 581; 66 L.Ed. 1074; 42 S.Ct. 585; Post v. Toledo, C. St. L.R. Co., 144 Mass. 341; 11 N.E. Rep. 540; 59 Am. Rep. 86;Clark v. Rhode Island Locomotive Works, 24 R.I. 307;53 Atl. Rep. 47.
In the bill before me complainants aver that they intend to file a bill to enforce and protect their alleged priority rights against P.R.S.L. The motion to strike, of course, admits this to be true, and this allegation is sufficient, inasmuch as it is not necessary to invoke this court's jurisdiction for pure discovery that the prior bill be actually filed. In 17 Amer. Jur. 9 § 10, it is said:
"A bill for discovery may be maintained not only in aid of a suit already brought, but to aid the plaintiff in a suit which he intends to bring immediately if the bill discloses a cause of action. Where such a bill is brought, it is generally for the purpose of discovering the names or identity of the persons against whom it is sought to institute an action, and the party defendant to the bill is not, therefore, the person against whom the legal liability is sought to be established and enforced."
We have few cases of discovery proper reported in this state, but the doctrine is quite fully dealt with in Howell v.Ashmore, 9 N.J. Eq. 82.
In Howell v. Ashmore, supra (at p. 85), the court said:
"The principles applicable to a bill for discovery only, are in some respects different from those which govern the court, where the bill prays for an injunction to stay proceedings at law, or in any way to interfere with such proceedings, until the bill is answered; or where, in addition to the discovery, relief is prayed for. In the case of a bill for mere discovery, if it appears reasonable that the complainant should be entitled to the disclosure, and no principles of law or equity are violated in enforcing it, as the complainant must pay the costs of the suit, whatever may be the defendant's answer, the court will not be as nice in the application of technical rules as where an injunction or relief is asked for. Seymour v. Seymour et al., 4 John.C.R. 409; Bishop of London v. Fytche, 1 Brown C.C. Rep. 69."
And at the bottom of page 92 the court further said:
"As the object of this jurisdiction is to assist and promote *Page 549 
the administration of public justice in other courts, bills of discovery are greatly favored in equity, and will be sustained in all cases where some well-founded objection does not exist against the exercise of the jurisdiction."
There is no doubt but that the general rule is that a bill for discovery alone will not lie against a third party who is a stranger to the suit to be started, but I believe that cases such as the present constitute an exception to that rule.
In Bluefield Supply Co. v. Broome (W. Va. Sup. Ct. ofAppeals, 1939), 125 A.L.R. 858, the court said:
"Though ordinarily bills of discovery are employed to obtain information from defendants against whom grounds for relief have been or are about to be alleged, the scope of discovery is not limited to that field. Many cases have held, and in many standard texts it has been stated, that a bill of discovery may be maintained to enable the plaintiff to ascertain whom to sue.Hurricane Telephone Co. v. Mohler, 51 W. Va. 1, 11;41 S.E. Rep. 421; Morse v. Buckworth, 23 English Reprints 883; Dixon
v. Enoch, 13 Law Reports (Equity Cases) 394; Orr v.Diaper, 4 Law Reports (Chancery Division) 92; Hoppock'sExrs. v. Railroad Co., 27 N.J. Eq. 286; Coca-Cola Co. v. Cityof Atlanta, 152 Ga. 558; 110 S.E. Rep. 730; 23 A.L.R. 1339;Brown v. McDonald, 3 Cir. 133 Fed. Rep. 897; 68 L.R.A. 462;Kurtz v. Brown, 3 Cir. 152 Fed. Rep. 372; 11 Ann. Cas. 576;17 Am. Jur. 9; Eaton on Equity, § 315; 2 Beach on Modern Eq. Jur., §858; Hogg's Equity Principles, § 580."
The Supreme Court of Georgia, in Coca-Cola Co. v. City ofAtlanta, 152 Ga. 558; 23 A.L.R. 1339, refers to most of the cases cited above and says (at p. 1350):
"Perhaps the earliest cases sustaining the right to file a bill of discovery to ascertain the proper persons to make defendants in a proposed suit at law are Heathcote v. Fleete, 2 Vern.442; 23 Eng. Reprint 883, and Morse v. Buckworth, 2 Vern.443; 23 Eng. Reprint 883. In the former of these cases the bill was to discover who was the owner of a wharf and lighter, to enable the plaintiff to bring an action for damages to his goods by the lighter's being overset by the negligence of the lighterman; and in the latter case the plaintiff, a *Page 550 
freighter whose goods were burned by the negligence of the master or crew of a carrying ship, brought his bill to discover who were part owners of the ship, to enable him to bring an action. In each of these cases the defendant demurred, but the demurrer was overruled. Another early case in which a like bill of discovery was held good on demurrer was Moodaly v. Moreton East IndiaCo., 2 Dick. 652; 21 Eng. Reprint 425; 1 Bro. Ch. 461; 28 Eng.Reprint 1245, in which the purpose of the bill was to enable the plaintiff to ascertain whom to sue at law for his wrongful ouster from leased premises. In the recent case of Orr v. Diaper,L.R. 4 Ch. Div. 92; 46 L.J. Ch. (N.S.) 41; 35 L.T. (N.S.)468; 25 Week. Rep. 23, it was held that a suit would lie against ship-owners who had shipped goods bearing counterfeits of the plaintiff's trade-mark, for discovery of the names of the consignors from whom the goods were received, in aid of contemplated proceedings against the wrongdoers. In overruling a demurrer the vice-chancellor well said: `In this case the plaintiffs do not know, and cannot discover, who the persons are who have invaded their rights, and who may be said to have abstracted their property. Their proceedings have come to a deadlock, and it would be a denial of justice if means could not be found in this court to assist the plaintiffs.'"
In Hoppock's Exrs. v. U.N.J.R.R. C. Co., 27 N.J. Eq. 286,
the court said (at p. 290):
"The necessity a party may be under, from the very nature of a given transaction, to come into equity for discovery, is a circumstance to be regarded in deciding upon the distinct and independent question of equitable jurisdiction."
It must be kept in mind that under the allegations of the present bill, P.R.R. is not a mere witness of facts to be proved by complainant in order to maintain its contemplated bill. P.R.R. is an employer of men working on its Trenton Division who, according to the allegation of the bill, are necessary parties by reason of the fact that they have certain rights of priority,c., which will be affected by a construction of the agreements referred to in the bill of complaint. P.R.R. by reason of its being employer, has information with reference to the names and addresses of these employees *Page 551 
and that information is peculiar to the railroad company. The information sought would be of no avail at the final hearing of complainants' contemplated suit. The information must be had now in order that the contemplated suit may be instituted and carried to a successful conclusion.
Turning to the cases cited by the defendant as heretofore referred to, we find that all of them were based on bills filed for discovery in connection with other relief and therefore not bills for discovery only, and that none of these cases sought discovery of names of persons alleged to be proper and necessary parties to a suit about to be brought. In other words, none of them dealt with the question as to whether a suitor could compel a stranger to the suit to be brought (in aid of which discovery is sought) to divulge the names of necessary parties. I do not find that our state courts have passed on this question.
In Miller v. Ford, supra, the bill is for discovery and relief and demurrer was sustained because the complainant had not offered to pay the sum actually due on the usurious contract. It was urged that the demurrer was too broad and should have been only to discovery and not to the relief. The holding on this point was "when a party is not entitled to relief, he is not entitled to discovery."
Courter v. Crescent Sewing Machine Co., supra, is also of the discovery and relief class and the court held that the bill could not be maintained for discovery where "no case for relief having been made," and saying further, "A bill for discovery and relief in which no case for relief is made cannot be sustained for discovery alone."
In Bacharach v. Bartlett, supra, the court held (at p.253): "a bill for discovery only has its limitations. The person from whom the discovery is demanded must have some interest in, and the facts sought must be material to, the issue involved in the cause." In this case the court was not dealing with the exceptions to that principle where the purpose of the discovery is to ascertain the names and addresses of proper and necessary parties to a suit to be brought.
In the case of McCarter v. Farmers Loan and Trust Co.,supra, the Union Sulphur Company was brought in as a *Page 552 
defendant in a controversy in which it had no interest and to which it was not a proper party, and as the court said, "no allegations of fact are made against the Union Sulphur Company and no relief is sought against it." The court refused the discovery because the information solicited was readily obtainable by process of subpoena.
In the instant case the process of subpoena would be of no service to the complainants. The information sought is required, not for the purpose of evidence to substantiate complainants' contemplated action, but to ascertain the names of proper parties to that proceeding, and it would appear that there is no method of discovering the names of these proper and necessary parties other than by a bill for discovery only.
In Griffin v. Londrigan, supra, interrogatories were propounded to a guardian of a lunatic and the court held that the rules authorized submission of interrogatories only to parties to the suit, and held that "the guardians of the complainant-lunatic cannot be regarded as parties complainant in the suit." That case had no bearing "on the auxiliary jurisdiction" in aid of the "procedure" by which the rights of those complainants may be enforced and their remedies obtained.
In Attorney-General v. Foster, supra, the bill was dismissed because the complainant was not entitled to the relief sought and the right to incidental discovery therefore collapsed. The Vice-Chancellor in that case pointed out that the bill before the court was not "for discovery only."
In Greischel v. Greischel, supra, the action was for divorce and the court had for consideration the rules of the Court of Chancery with reference to inspection of books, but the court pointed out "the power to compel discovery in a proper case and by suitable procedure is inherent in that court, though subject to certain limitations."
In U.N.J.R.R. C. Co. v. Hoppock, supra, the bill was for discovery and relief and the right to relief having failed, and the bill being defective in that it did not allege a pending or contemplated action, discovery was denied.
It is urged in argument of the motion, although not assigned as a reason to strike, that the subject-matter of the *Page 553 
allegation of the bill "is for a cause which it is submitted isres adjudicata," citing Franklin v. P.R.S.L., 122 N.J. Eq. 205.
This is not so. The present bill is based on matters arising after the decree in that case and seeks relief against violations of the terms of the 1933 agreements, which the court in that case declared to be legal and binding as to the parties thereto. Clearly, these matters were not adjudicated in the former suit. It does appear that complainants herein are in possession of the names of employees of P.R.R. who were at the time of the Franklin suit in its employ and assigned to duties as firemen and enginemen on the Trenton Division of P.R.R., and they are named in the present bill, but that which complainants now seek to ascertain is whether these men are now so employed or whether there have been additional men so employed by P.R.R. who, by reason of such employment, are proper and necessary parties to the contemplated suit in this court.
My conclusion is that the motion to strike should be and is denied, pointing out, however, that the scope of the discovery to be granted, if any, will be determined at final hearing on the pleadings. No decree, of course, may be made calling upon the defendant to determine, as a legal proposition, whether men in its employ in the Trenton Division are legally affected by the agreements of 1933, but an order may be made that the names and addresses of men so employed by the defendant, having runs over the lines affected by P.R.S.L. be disclosed by the defendant. *Page 554