The complainants have filed a bill against a certain trustee under a last will and testament, for the primary object of compelling such trustee to account in this court rather than in the orphans court. Among the assets in the hands of the trustee are ten shares of the capital stock of the Union Sulphur Company which is named in the bill as a co-defendant and which, up to the present time, has returned a very large dividend. The trustee has informed the complainants that *Page 323 
it has been notified by the Union Sulphur Company that the latter is about to liquidate, and the trustee further has informed the complainants that it will impound all future payments received from the Union Sulphur Company until instructions can be obtained from some court of competent jurisdiction whereby it can allocate a certain portion of the decedent's estate. Lang v. Lang'sExecutor, 57 N.J. Eq. 325.
No allegations of fact are made against the Union Sulphur Company and no relief is sought against it. The only prayer as against this last-named company except the prayer for answer is the prayer for discovery which is followed by the sentence: "No relief is sought against the defendant, the Union Sulphur Company; discovery only is sought from it."
It is my understanding that a bill will not lie for discovery only in a situation such as this. Of course, it is elementary that before parties were competent and compellable to testify a bill for discovery would lie in aid of an action at law. Bisp.Pr. Eq. (7th ed.) §§ 556 et seq. I speak now of a bill praying relief where a third party is joined, against whom no relief is sought, and for the single purpose of securing evidence to be used against a defendant, or defendants, from whom affirmative relief will be asked. Professor Pomeroy accentuates the right of the chancellor to "probe the conscience" of the defendant in a suit "brought against him for relief." 1 Pom. Eq.Jur. (4th ed.) § 192. At section 199 the author says:
"The general rule is well settled, and admits of only one or two special exceptions, which are necessary to prevent a failure of justice, that no person can properly be made a defendant in the suit for a discovery, or compelled as such to disclose facts within his knowledge, unless he has an interest in the subject-matter of the controversy in aid of which the discovery is asked."
In the same section he points out that "mere witnesses cannot be joined as defendants and be obliged to answer." He does refer to the exception that where an agent has aided his principal in the committing of actual fraud he may be joined and compelled to make discovery. It is also pointed *Page 324 
out that, for reasons of expediency, an officer of a corporation may be joined with it for the purpose of discovery alone, and that the same rule has been applied in suits by and against nations which are not monarchical when they sue or are sued in their corporate character. See Howell v. Ashmore, 9 N.J. Eq. 82.
The object sought by the complainants as against the Union Sulphur Company is to gather evidence to be used against the defendant trustee in the allocation of income earned by that corporation to corpus and income, respectively, of the decedent's estate. To compel the Union Sulphur Company to answer would not only fly in the face of all the authorities but it would avail the complainants nothing, because such answer could not be used against the trustee.
Furthermore, the complainants can obtain everything that they may hope to accomplish by the joinder of this company, through the production of its books and records in the orphans court. The Union Sulphur Company is a corporation of this state, and, as the complainants say, is subject to process. It is true that it may not be quite so convenient to attempt to elicit evidence from its records when produced by it in court, but the flexible and somewhat leisurely practice on taking of proof in the orphans court will afford the complainants ample opportunity to get into the record all the material facts that they may contain.
It is said on behalf of the complainants that rule 84 changes the practice and that it makes the answers to interrogatories "evidence in the cause" and not only evidence as against the party answering. Such cannot be the meaning of the rule in question. It says that the answer shall be evidence in the cause "if offered by the party proposing the interrogatories, but not otherwise." The meaning of this language clearly is that the practice shall remain uniform with the practice in the law courts. It was never intended, however, that one party might bind another by his mere say so.
At the time this motion was argued a motion was made by the complainants praying the right to an inspection of *Page 325 
the records of the Union Sulphur Company by accountants to be chosen by the complainants. This motion cannot be granted.
In view of what has been said before, the court is asked to invade the privacy of the Union Sulphur Company's business to permit accountants not selected by it, and over whom its officers and agents would have no control, to browse around through its records to their heart's content. Under the form of the notice, not even the court is to be apprised as to the identity of the accountants to be given this wide license; but even if the request had been that the court should appoint such investigators, the motion could not any more properly be granted. Such an invasion of the rights of privacy would be repugnant to our fundamental law. It is true that rule 86 of this court says that the chancellor "may" direct inspection "of any books, papers or documents" relating to the cause or defense. I do not recall that any argument was made in petitioner's brief that under the literal meaning of this language such an inspection should be directed. Such an argument would be ridiculous. It is fair to assume that when the chancellor promulgated this rule he was thinking in a lawyer's terms and expected that lawyers interpreting the same would do so in the light of legal meaning. The meaning of the terms "any books, papers or documents" was limited to such things belonging to a party to the cause. Aside from the process of subpoena and its enforcement, it is elementary that a court is without power to deal with a person who is not a party to a suit in equity, jurisdiction of whom has been obtained in the manner prescribed by law.
The motion of the Union Sulphur Company should be granted and the motion to inspect its books should be denied. *Page 326