182 N.J. Super. 376 (1981)
440 A.2d 1372
EARL BECKWITH ET AL., PLAINTIFFS,
v.
BETHLEHEM STEEL CORP. ET AL., DEFENDANTS. EDWARD J. BESHADA ET AL., PLAINTIFFS,
v.
JOHNS MANVILLE ET AL., DEFENDANTS. MARY CRILLEY ET AL., PLAINTIFFS,
v.
JOHNS MANVILLE ET AL., DEFENDANTS. LEO GALBRAITH, PLAINTIFF,
v.
BETHLEHEM STEEL CORP. ET AL., DEFENDANTS. PETER HOWELL, PLAINTIFF,
v.
OWENS ILLINOIS, INC. ET AL., DEFENDANTS. FRANK J. JARUSEWICZ ET AL., PLAINTIFFS,
v.
JOHNS MANVILLE ET AL., DEFENDANTS. MARGARET NEUNERT, ETC., ET AL., PLAINTIFFS,
v.
WAYNE STEEL CO., INC., ET AL., DEFENDANTS. GEORGE VAN GLAHN ET AL., PLAINTIFFS,
v.
BETHLEHEM STEEL CORP. ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Middlesex County.
Decided November 2, 1981.
*379 Bryan D. Garruto for plaintiffs Beckwith, Galbraith, Howell, Neunert and Van Glahn (Heilbrunn, Finkelstein, Heilbrunn, Garruto & Galex, attorneys).
Ronald B. Grayzel for plaintiff Crilley (Levinson, Conover, Axelrod & Wheaton, attorneys).
Alan M. Darnell for plaintiffs Beshada and Jarusewicz (Wilentz, Goldman & Spitzer, attorneys).
James L. Egidio for defendant Asbestos Information Association of North America (AIA/NA) (Ribis, McCluskey & Sweeney, attorneys).
KEEFE, J.S.C.
This motion for summary judgment presents issues arising from the interplay between actions for discovery brought against out-of-state defendants and New Jersey's long arm rule. R. 4:4-4(c)(1). This decision therefore deals with concepts not discussed in Arcell v. Ashland Chemical Co., Inc., 152 N.J. Super. 471 (Law Div. 1977).
Plaintiffs in the eight separate lawsuits now before the court seek to join the Asbestos Information Association/North America, Inc. (hereinafter AIA/NA) as a defendant for the sole purpose of obtaining discovery. AIA/NA was established as a nonprofit corporation to gather and disseminate information to the asbestos industry, government regulatory agencies, the news media, and the general public about asbestos and its affect on human health. Plaintiffs contend that the information distributed throughout the asbestos industry bears on the issue of defendants' knowledge of the hazards of the product. Therefore, plaintiffs seek to compel AIA/NA to produce its complete files for inspection, including reports, records, studies and all interdepartmental memos and other documents relating to the safety of asbestos products and fibers. AIA/NA challenges plaintiffs' assertion of personal jurisdiction over it.
*380 The facts are not in dispute. AIA/NA is a nonprofit Delaware corporation with its sole office in Arlington, Virginia. It does not have a license to do business in New Jersey, has no agents or employees in this State, and no agent for the service of process. It owns no property here, and its membership applications are processed in Virginia. AIA/NA has never engaged in the production, sale or distribution of asbestos or asbestos-related products. The Association has one regular and one associate member in New Jersey. Both members are named defendants in the cases at bar.
Plaintiffs have relied upon Arcell v. Ashland Chemical Co., Inc., supra, as authority for bringing this action. Generally speaking, plaintiffs seek to determine what information AIA/NA had available at given periods of time and what information had been mailed to its members so that a comparison can be made with information plaintiffs have received from other sources, including the member defendants. In Arcell Judge Tarleton observed that the wording of R. 4:18-1(c) acknowledges the existence of a discovery remedy for the production of documents and inspection of lands outside of the discovery procedures found in Part IV of the Rules. He held that "modern rules and statutes relating to discovery do not abrogate equitable jurisdiction as to bills of discovery, and equity may be resorted to where effective discovery cannot be obtained under the rules or statutes." Id. at 506, see, also, 1 Pomeroy Equity Jurisprudence (4 ed.), § 193.
Since the authority for discovery actions against nonparties is rooted in equity law, one must understand the principles upon which such actions were historically permitted. New Jersey has apparently adhered to the rule stated by Professor Pomeroy in his treatise on Equity Jurisprudence, that "no person can properly be made a defendant in the suit for discovery, or compelled as such to disclose facts within his knowledge, unless he has an interest in the subject matter of the controversy in aid of which the discovery is asked." 1 op. cit. § 199 at 285. See McCarter v. Farmers' Loan and Trust Co., 105 N.J. Eq. 322 (Ch. 1929); Walker *381 v. Pennsylvania Railroad Co., 134 N.J. Eq. 544 (Ch. 1944). Thus, "mere witnesses cannot be joined as defendants and obliged to answer." 1 Pomeroy, op. cit., § 199 at 286. In order to distinguish between a party who has an "interest" in the litigation and a "mere witness," Judge Tarleton suggests that the proposed defendant must have a "pecuniary" interest in the outcome. Arcell v. Ashland Chemical Co., Inc., supra, 152 N.J. Super. at 507. Since there are no facts here indicating any pecuniary interest that AIA/NA may have in the outcome of plaintiffs' main action, the criteria for joinder have not been met. In that respect this case differs from the Arcell case.
There have been recognized exceptions to the above-stated rule. In Walker v. Pennsylvania Railroad Co., supra, Vice-Chancellor Sooy permitted discovery against a nonparty who had no interest in the pending litigation. The purpose of the suit for discovery was to obtain the names and addresses of proper and necessary parties to the contemplated suit in equity. However, he was quick to point out that the Pennsylvania Railroad was "not a mere witness" since the information sought was required before the case began, as opposed to being admissible during the course of the trial. The information now sought from AIA/NA does not have the same characteristics as that sought in Walker. In this action plaintiffs intend to use the information sought from AIA/NA as evidence in the trial since it may have bearing on defendants' knowledge of product hazards.
Plaintiffs also rely on Lefebvre v. Somersworth Shoe Co., 93 N.H. 354, 41 A.2d 924 (Sup.Ct. 1945), as authority for their position. That case was cited in Arcell v. Ashland Chemical Co., Inc., supra, 152 N.J. Super. at 507, as an exception to the "pecuniary interest" requirement for discovery actions. The case concerned plaintiff's motion for discovery of certain records in the files of the Division of Industrial Hygiene of the State Board of Health which was not a party to the main action. The information sought was "essential and material evidence" in plaintiff's case since it dealt with the analysis of a certain poisonous fluid provided by plaintiff's decedent's employer to *382 decedent for his use. Although the court noted that the information might be obtained by plaintiff through "one or more depositions," the production of the "record of the analysis of the fluid used by the deceased is a simple statement, although important to the plaintiff." Lefebvre v. Somersworth Shoe Co., supra, 41 A.2d at 927. Not to be overlooked in the analysis of Lefebvre is the fact that discovery was sought from a public body whose interest should be to see that "justice be done and to that end that a full disclosure of the truth be made." 41 A.2d at 926. See, also, Pressler, Current N.J. Court Rules, Comment R. 4:18-1(c), which addresses the concept of discovery from public bodies.
In summary, whether an action for discovery should lie against a party who has no pecuniary interest in the outcome of the litigation requires a balancing of certain considerations. They are: (1) the "necessity a party may be under" in seeking the discovery, Walker v. Pennsylvania Railroad Co., supra, 134 N.J. Eq. at 550, or the importance of the information sought in relation to the main case, Lefebvre v. Somersworth Shoe Co., supra, 41 A.2d at 925; as against (2) the relative simplicity in which the information may be supplied by defendant, Id., 42 A.2d at 924, and the availability of less burdensome means to obtain the same information. McCarter v. Farmer's Loan and Trust Co., supra, 105 N.J. Eq. at 325; Pottetti v. Clifford, 146 Conn. 252, 150 A.2d 207 (Sup.Ct.Err. 1959). The court's decision in such matters constitutes the exercise of discretionary equitable power. 1 Pomeroy, op. cit., §§ 202, 203.
In the case now under consideration the information sought by plaintiffs is relevant for discovery purposes and may ultimately lead to admissible evidence at trial. It is not, however, vital to plaintiff's case in the same sense as the information sought in Walker and Lefebvre.
Nonetheless, plaintiffs claim that it is necessary to proceed in this fashion since defendant is apparently beyond the reach of the available civil practice rules. The court believes that plaintiffs *383 have overlooked an available discovery tool provided by New Jersey civil practice rules and Virginia law. Virginia by statute permits depositions to be taken in that state for use in foreign jurisdictions.
Whenever any mandate, writ or commission is issued out of any court of record in any other state, territory, district or foreign jurisdiction, or whenever upon notice or agreement it is required to take the testimony of a witness or witnesses in this Commonwealth, witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this Commonwealth. [Code of Virginia, Article 6, Uniform Depositions Act, § 8.01-411].
The privilege extended to persons in other states by § 8.01-411 shall only apply to those states which extended the same privileges to persons in this Commonwealth. [Id. at § 8.01-412].
Clearly, New Jersey affords the reciprocity required by Virginia law. R. 4:11-4. Although this alternative procedure may be more burdensome to plaintiffs than taking discovery in the forum State of New Jersey, it is less burdensome to defendant AIA/NA who is at best a mere witness in these proceedings, albeit the possessor of information that is not necessarily also in the possession of party defendants. A balancing of the equities results in a determination that plaintiffs are not entitled to the equitable relief sought by them.
Even if the alternative discovery was not afforded to plaintiffs by Virginia law, neither the "necessity" of plaintiffs' plight nor the magnitude of the need for the evidence being sought are determinative of the issues concerning in personam jurisdiction which are constitutional in nature, not equitable.
New Jersey has adopted a judicial policy which permits jurisdiction over foreign corporations to the outer limits permitted by the due process clause of the United States Constitution. R. 4:4-4(c)(1). Avdel Corp. v. Mecure, 58 N.J. 264 (1971). The controlling test for the exercise of jurisdiction was established by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It held that in personam jurisdiction will be permitted if the foreign defendant has certain "minimum contacts" with the forum such that the *384 maintenance of the suit in the jurisdiction does not offend "traditional notions of fair play and substantial justice. Id. at 316, 66 S.Ct. at 158. This test focuses on fairness and reasonableness.
In cases where jurisdiction has been challenged, New Jersey courts have given strong consideration to the type of action in determining sufficiency of minimum contacts. Another important factor is whether the cause of action arises out of the minimum contacts or is unrelated to defendant's contacts with the forum. In the latter case more substantial and continuous contacts are necessary. Corporate Develop. Spec., Inc. v. Warren-Teed Pharm., Inc., 102 N.J. Super. 143 (App.Div. 1968).
Jurisdiction in tort actions may be premised upon a single contact with the forum if the contact results in injury to one of its residents. New Jersey has a strong interest in providing access to its courts for citizens who have sustained injury due to the actions of an out of state defendant. Knight v. San Jacinto Club, Inc., 96 N.J. Super. 81 (Law Div. 1967); Radigan v. Innisbrook Resort and Golf Club, 150 N.J. Super. 427 (App.Div. 1977). Thus, in Blessing v. Prosser, 141 N.J. Super. 548 (App.Div. 1976), where a New Jersey resident was injured in a fall at defendant's motel, in personam jurisdiction over an out-of-state motel owner was permitted based upon defendant's advertisements in travel books circulated in our State.
In contract actions where the aforementioned policy considerations are absent, more substantial contacts are required. The requisite contacts may be satisfied by physical or economic entry into our State. In Avdel v. Mecure, supra, 58 N.J. at 272, the court recognized that "a nonresident defendant who is not doing business in a state in the traditional sense may nonetheless be amenable to suit in that state where he enters into a contract which will have significant effects in that state."
*385 In holding defendants amenable to service, the court in Ketcham v. Lister, 167 N.J. Super. 5 (App.Div. 1979), found that defendant had made a substantial economic entry into New Jersey through its solicitation by local newspaper, advertising, telephone and letter communications on a regular and continuous basis.
However, the present action for discovery alleges no harm to plaintiffs, either in tort or contract, arising from AIA/NA's conduct in this State. Conventional tort and contract cases are of little benefit in analyzing defendant's contacts with New Jersey, such as they are, in terms of traditional notions of fair play and substantial justice. In a recent case the U.S. Supreme Court emphasized the critical function forseeability plays in a due process analysis:
... the forseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. [World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).]
Thus, it would appear that defendant's contacts with the forum state must relate not only to their quantity and quality but also to the cause of action for which they are being "haled into court."
The minimal nature of AIA/NA's contact with New Jersey has been previously stated, as well as the rather limited nature of an equitable action for discovery. In the absence of more substantial and purposeful contacts with this State and a pecuniary interest in the present litigation, this court cannot conclude that defendant AIA/NA should reasonably have forseen that it could be asked to litigate a discovery action in this State. Therefore, this court lacks in personam jurisdiction over it.
Summary judgment is hereby granted to defendant AIA/NA.