Re: **STARLINE OPTICAL CORP. and Designs by El Pablo, Inc.**

v.

**Francis E. CALDWELL.**

**Civ. A. No. 84–2657.**

United States District Court,
D. New Jersey.

Dec. 10, 1984.

As Amended Dec. 17, 1984.

---

Edward G. Sponzilli, Cummins, Dunn & Pashman, Hackensack, N.J., Howard I. Schuldenfrei, New York City, for plaintiffs.

Francis E. Caldwell, pro se.

## OPINION

STERN, District Judge.

Gentlemen:

This action is before this Court pursuant to 28 U.S.C. § 1338, patent jurisdiction; plaintiffs requested a declaratory judgment under 28 U.S.C. § 2201. Defendant has moved for dismissal of the complaint alleging lack of jurisdiction over his person, F.R.Civ.P. 12(b)(2). In reaching its decision, this Court has reviewed all submissions by the parties pursuant to F.R.Civ.P. 78 and, for the reasons discussed below, finds it lacks *in personam* jurisdiction over defendant and therefore orders the matter transferred pursuant to 28 U.S.C. § 1631.

## FACTS

Co-plaintiff, Starline Optical Corp. of Fairfield, New Jersey, a New Jersey corporation, received a letter from Hubbard, Thurman, Turner & Tucker, attorneys-at-law of Dallas, Texas, dated May 15, 1984, enclosing a copy of United States Design Patent 262,759 issued to defendant Francis E. Caldwell, et al., on January 26, 1982. The letter asserted that eyeglass frame display racks used by plaintiff "are within the scope of the subject patent. As you are undoubtedly aware, any party who, without authority, makes, uses or sells a patented invention, infringes the patent.... This letter is to notify you of our client's demand that you immediately cease and desist from any further infringement of the patent." The letter made no reference to bringing suit in New Jersey or elsewhere. After one subsequent telephone conversation between counsel, one letter from plaintiff, and defendant's reply dated June 7, 1984, plaintiff, joined by the manufacturer, Designs by El Pablo, Inc., of Dallas, a Texas corporation, filed the

present complaint on July 3, 1984, seeking declaratory judgment of patent invalidity or noninfringement. No tort claim was asserted by plaintiffs. On August 29, 1984, defendant moved to dismiss for lack of *in personam* jurisdiction, stating that he is a citizen of Texas with his residence in Plano, Texas. He denies doing business currently in New Jersey, and disclaims any contacts with New Jersey other than the communications cited above. He argues that such contacts are insufficient to provide a basis for exercising *in personam* jurisdiction over him. He claims that plaintiffs have failed to allege any acts of his which would confer jurisdiction over him, under New Jersey Rule 4:4–4 (The State "long-arm" statute), and argues that exercise of jurisdiction over him would be a denial of fair play and substantial justice. He denies consenting to jurisdiction.

## DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure permits service upon non-residents of the state in which the district court is located in the manner prescribed by the "statute or rule of the court" of the forum state. Thus we turn to the New Jersey "long-arm" statute, N.J.Ct.R. 4:4–4(c), for guidance. The courts of New Jersey have construed this rule to permit jurisdiction "to the outer limits permitted by the due process clause of the United States Constitution." *Beckwith v. Bethlehem Steel Corp.*, 182 N.J.Super. 376, 440 A.2d 1372, 1376 (Law Div.1981), *cert. granted on unrelated motion*, 89 N.J. 425, 446 A.2d 152, *order on unrelated motion reversed, sub nom. Beshada v. Johns-Manville*, 90 N.J. 191, 447 A.2d 539 (1982), *citing Avdel Corp. v. Mecure*, 58 N.J. 264, 277 A.2d 207 (1971).

■ If the defendant is not present within the territory of the forum state when served, he must have certain minimum contacts with it, such that maintenance of the suit in the jurisdiction does not offend "traditional notions of fair play and justice," *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A defendant who is "doing business" in the state satisfies this test and may be subject to full or "general" *in personam* jurisdiction. However a more lenient standard defines minimum contacts for "specific" *in personam* jurisdiction based on contacts related to the particular cause of action, *see, McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). "Thus, it would appear that defendants' contacts with the forum state must relate not only to their quantity and quality but also to the cause of action for which they are being 'haled into court.'" *Beckwith*, 440 A.2d at 1377, *quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ The most lenient standard is applied to a tort cause of action. "Jurisdiction in tort cases may be premised upon a single contact with the forum if the contact results in injury to one of its residents. New Jersey has a strong interest in providing access to its courts for citizens who have sustained injury due to the actions of an out of state defendant." *Beckwith*, 440 A.2d at 1376. However, there are limits to the amenability of defendant to jurisdiction based upon a single contact, even in tort claims. *See World-Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567 (asking whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there"); *see also DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 286 (3d Cir.), *cert. denied*, 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981).

A moderately lenient test is applied to jurisdiction in claims founded upon contracts between plaintiffs in the forum state and defendants outside the forum. A New Jersey court noted that the policy considerations favoring tort jurisdiction are absent and looked for "more substantial contacts" in contract cases, such as "physical or economic entry into our State." *Beckwith*, 440 A.2d at 1376.

In a recent contract case, the Third Circuit pointed out that the United States Su-

preme Court marked out the limits of leniency in cases founded upon a single business contact in *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). "In *McGee* the Court applied its most relaxed standard of contacts—one which it has steadfastly declined to extend." *Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208, 212 (3d Cir.1984). A Californian in *McGee* had purchased life insurance in response to a mail solicitation from an out-of-state company. A strong state interest was evidenced by a "state statute which subjects foreign corporations to suit in California on insurance contracts." *McGee*, 335 U.S. at 221, 78 S.Ct. at 200.

■■■■ Generally, for a finding of "specific" *in personam* jurisdiction—where the cause of action is based on the transaction(s) providing the predicate for jurisdiction—the court must examine the "relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, — U.S. —, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 and text accompanying (1984). Thus, in a contract action brought in New Jersey against an Oklahoma corporation, this Court looked at not only the contacts between the defendant and the forum state, but at "contacts between the *transaction* at issue and the forum state." *Western Union Telegraph Co. v. T.S.I., Ltd.*, 545 F.Supp. 329, 334 n. 7 and text accompanying (D.N.J.1982) (defendant had made two visits for substantial negotiations leading to contracts and made numerous telephone and mail contacts with plaintiff in New Jersey respecting those contracts, hence jurisdiction was reasonable and fair). This examination was necessary because the minimum contacts standard must not only protect the defendant against inconvenient litigation, but must also ensure that states "do not reach out beyond the limits imposed on them by their status as coequal sovereigns in the federal system." *World-Wide Volkswagen* at 292. *Baxter v. Mouzavires*, 434 A.2d 988, 997 (D.C.Ct.App.),

*cert. denied*, 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982). Defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 252, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *see also*, *World-Wide Volkswagen*, 444 U.S. at 297–98, 100 S.Ct. at 567.

■■■■ Thus the rule in a case where, as here, the gravamen is neither a tort, an insurance policy, nor any contract at all, must necessarily be stricter than as for those special circumstances; it must look to the whole transaction. The "transaction" at issue here is essentially the granting, in Washington, D.C., in 1982, to a Texan, the defendant, of a patent which plaintiff now alleges is invalid. The "contacts between the *transaction* at issue and the forum state," *Western Union* at 334 n. 7, are nearly non-existent, the more so if, as plaintiff alleges, the racks used in New Jersey are not infringing the patent. *See Hanson* 357 U.S. at 252, 78 S.Ct. at 1239.

The interest of the State of New Jersey in providing a resident corporation a home-state forum is correspondingly weaker when neither tort, insurance, nor contract is at issue. Plaintiff does allege adverse economic effects. However, even where a contract relationship does exist, and may have "significant effects," *see, e.g., Avdel v. Mecure*, 58 N.J. 264, 272, 277 A.2d 207, 211 (1971), the state interest in protecting an in-state merchant, bank, or manufacturer and hence, presumably, the state economy, has failed to provide a rationale for finding jurisdiction over an out-of-state defendant. Recently, for example, the Third Circuit held that a creditor plaintiff's "assertion [of] economic impact in the state is of little weight.... [I]f incidental economic detriment as such furnishes a contact for jurisdictional purposes, then every monetary claim would per se furnish the predicate for personal jurisdiction over a nonresident debtor." *Dollar Savings* at 213. This holding is not unprecedented. *See*

*Empire Abrasive Equipment Corp. v. H.H. Watson, Inc.*, 567 F.2d 554 (3d Cir. 1977) (district court in Pennsylvania lacked jurisdiction over Rhode Island bank despite Pennsylvania's interest in manufacture and sale of goods, where bank's contacts were insufficient). The Third Circuit stated, "It should be noted that in this commercial transaction, we are not concerned with the 'effects doctrine' as applied to a tort claim," *citing Keeton v. Hustler Magazine*, —— U.S. ——, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984); and *Calder v. Jones*, —— U.S. ——, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *Dollar Savings* at 213. Thus, any allegation of general economic effect is insufficient in this case to sustain personal jurisdiction.

Plaintiffs further urge that by mailing a letter from Texas notifying the New Jersey user-distributor of its alleged infringement, defendant "knowingly chose New Jersey as the forum of the controversy." However, no such conclusion can or should be made. Plaintiffs' contention is speculative because defendant had neither filed suit nor even threatened litigation against the New Jersey corporation—in New Jersey or elsewhere. Defendant had not retained New Jersey counsel. Defendant may have equally well been presumed to be contemplating filing suit in Texas against co-plaintiff in the present action, a fellow Texas resident, the manufacturer, after obtaining additional information from the New Jersey user-distributor. Therefore, plaintiff has not demonstrated that defendant "purposefully avails [him]self of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws," *Hanson*, 357 U.S. at 252, 78 S.Ct. at 1239, or reasonably anticipates being "haled" into court there. *World-Wide*, 444 U.S. at 297, 100 S.Ct. at 567; *Shaffer*, 433 U.S. at 216, 97 S.Ct. at 2586. Moreover, were the dispatch of notice-of-infringement letters to operate as a waiver of objection to *in personam* jurisdiction, the result would be a chilling effect on assertion of legal rights by holders of copyrights, patents, and trademarks. While plaintiffs here assert that defend-

ant's letters threaten suit, one may also regard such letters as attempting to produce out-of-court solutions. The interests of the parties and public policy favoring resolution of difficulties underlay this Court's refusal in a recent case to consider certain contacts as "relevant" for determining jurisdiction. *Western Union* at 335 n. 8 ("The Court declines to consider the two visits by [defendant]'s officers ... to resolve the problems arising from the contracts as relevant to determining [defendant]'s contacts with New Jersey with respect to the contracts at issue here.").

A solitary case is cited by plaintiffs to directly support their proposition that defendant patentee's letters, sent from Texas to a New Jersey user, and expecting reply, function, without other contacts, to trigger *in personam* jurisdiction in New Jersey. *Chromium Industries, Inc. v. Mirror Polishing & Plating Co., Inc.*, 193 U.S.P.Q. 158 (N.D.Ill.1976), involved a ten-month period from the initial letter, after which a letter sent by the Connecticut patentee's Illinois counsel to the sole plaintiff, an Illinois corporation, stated that plaintiff's failure to cease infringement was "deemed a sufficient ground to proceed with appropriate coercive litigation without further notice." *Id.*, at 159. Even assuming, *arguendo*, that the situations are not distinguishable, this Court declines to adopt the Illinois district court's conclusion.

In sum, on the facts of the present case, defendant has made none of the contacts usually required as the minimum sufficient to support "general" jurisdiction over the person, and examining contacts alleged to relate to the transaction, we find insufficient contacts "among the defendant, the forum, and the litigation" to exercise "specific" *in personam* jurisdiction. *Helicopteros* 104 S.Ct. at 1872–74; *see also Reliance Steel Products v. Watson, Ess, Marshall and Enggas*, 675 F.2d 587 (3d Cir.1982) (one telephone consultation and one letter did not constitute cognizable activity within forum state).

## CONCLUSION

Having carefully considered all submissions in this matter, we find *in personam* jurisdiction over the defendant lacking in this district. The Court hereby orders this matter transferred to the United States District Court for the Northern District, Dallas Division, of Texas, pursuant to 28 U.S.C. § 1631.