SEMCOR, INC., PLAINTIFF, v. SATELLITE AIR TRANSPORT AS-SOCIATES, DEFENDANT THIRD-PARTY PLAINTIFF, v. RICK'S DELIVERY SERVICE AND SUMMIT AIRLINES, THIRD-PARTY DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided March 29, 1985.

*Thomas Rea* for third-party defendant Rick's Delivery Service (*Weiss and Healey,* attorneys).

*Richard M. Mackowsky* for defendant, third-party plaintiff Satellite Air Transport Associates (*Cozen, Begier and O'Connor,* attorneys).

GOTTLIEB, J.S.C.

Third-party defendant Rick's Delivery Service (Rick's), a Virginia corporation, moves to dismiss the claim against it on the basis that this State lacks *in personam* jurisdiction. Rick's asserts that New Jersey's exercise of personal jurisdiction unreasonably requires it to defend in this forum since Rick's never had any meaningful contact with this State. Third-party plaintiff Satellite Air Transport Associates (Satellite) contends that due process is not offended by requiring Rick's to litigate this matter in New Jersey. Satellite submits that Rick's must be responsive to a forum where the consequences of its acts are felt. For purposes of the motion, there are no significant facts in dispute. A review of those facts is in order.

Plaintiff Semcor, Inc. (Semcor) owned certain computer equipment which was located in Arlington, Virginia. In August 1983 Semcor contracted with Satellite to transport the equipment from Virginia to Mount Laurel, New Jersey. Satellite engaged Rick's, an I.C.C. common carrier operating only in Virginia, Maryland and the District of Columbia, to pick up the equipment, crate it and deliver it to the airport at Arlington. There it was turned over to third-party defendant Summit Airlines (Summit). At the time Rick's picked up the equipment, it presented an air waybill to Semcor, which stated that the ultimate destination of the computer equipment was New Jersey.

Summit flew the equipment from Virginia to Philadelphia, Pennsylvania, where it was given to another intermediate carrier for transport to New Jersey. That carrier noticed damage to the crate containing the equipment and advised Semcor. As a result, Semcor rejected the shipment and filed suit against Satellite for the damage incurred. Satellite filed a third-party action against Rick's and Summit.

The question to be resolved is whether a foreign corporation which does not conduct any activity in this State can be subjected to the jurisdiction of its courts based solely on that party's

participation as an intrastate link in the chain of transportation of an item from another state to New Jersey, during which overall process the item is damaged. This issue has not been previously determined in New Jersey.

■ The New Jersey long-arm rule, *R.* 4:4–4(c)(1), permits the exercise of personal jurisdiction over foreign corporations subject only to "due process of law." That power extends as far as the outer limits of due process permit. *Avdel Corp. v. Mecure,* 58 *N.J.* 264, 268 (1971); *Beckwith v. Bethlehem Steel Corp.,* 182 *N.J.Super.* 376, 383 (Law Div.1981). Accordingly, the court must determine what due process will allow.

■ Our courts adopt the view "that a non-resident defendant who is not doing business in a state in the traditional sense may nonetheless be amenable to suit in that state where he enters into a contract which will have significant effects in that state." *Avdel Corp. v. Mecure, supra,* 58 *N.J.* at 272. This is because it "does not offend traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington,* 326 *U.S.* 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), to require that one be responsible for the result of one's conduct, even though those results did not occur in the same state as that in which the conduct occurred.

In *J. Henrijean & Sons v. M.V. Bulk Enterprise,* 311 *F.Supp.* 417 (W.D.Mich.1970), plaintiff, the subrogee of a vendee of European steel, sued several carriers of the steel claiming that the steel had become rusted. One carrier transported the steel to New Orleans, another moved it by barge to Chicago, while a third trucked it from Chicago to Grand Rapids, Michigan. By the time the steel reached Grand Rapids, it had become rusted. The barge company challenged the long-arm jurisdiction of the Michigan federal court. The barge company was a Delaware corporation and had no contacts, ties or relations with Michigan, other than it was aware that the shipment was on its way to Michigan and it was a link in that chain of shipment.

Noting that the Michigan courts had "exhibit[ed a] keen awareness of the need to readjust 'traditional notions of fair play and substantial justice' to the realities of modern commercial conditions," the federal court observed:

"In light of the commercial setting of this transaction, the nature of the defendants' overall activities, its ability to protect itself from the effects of its own negligence, and the foreseeable possibility that its negligence will have tortious consequences in other states, it does not seem offensive to the concept of fair play and justice to permit this plaintiff to bring this suit in the forum where the consequences of the defendants' acts occur." [311 *F.Supp.* at 421]

■ This reasoning is appealing and convincing. An inconsistency with the notion of fair play occurs when a defendant must defend himself in a state with which he has no relevant connection or in a state where the consequences of his acts have no meaningful impact. But where a defendant's actions in one state do have important results in another, it is fair and just that that defendant be responsible for his conduct in the latter state. Since Rick's was aware that it was but a part of the process of transporting the computer equipment from Virginia to New Jersey, the consequences of its conduct reasonably had an impact in this State. Due process is not violated by requiring Rick's to defend itself in the courts of New Jersey.

It is not significant that the consequences of that conduct were discovered before the equipment arrived in New Jersey. As indicated, the damage to the equipment was ascertained while it was in Pennsylvania awaiting the final leg of its journey to New Jersey. Pennsylvania was where the effect of negligence was discovered, but not where it had its effect. That effect was realized in New Jersey. Moreover, it makes no sense to allow jurisdiction to be controlled by the situs of the negligence or the situs of discovery of the effect of negligence where several potential jurisdictions are involved. The realities of modern commercial life involving interstate transaction mandate that the efficient selection of one reasonable forum for the resolution of the dispute be accepted. To do otherwise would encourage the litigation of preliminary issues concerning jurisdiction (such as where did the negligent conduct occur or where

was it first discovered) potentially involving several courts in that adjudicative process. An orderly, systematic and practical rule permitting jurisdiction in the forum where the consequences of conduct are felt is most appropriate.

Accordingly, this court has jurisdiction over Rick's to adjudicate the issues. Rick's application to dismiss for want of *in personam* jurisdiction is denied.