PER CURIAM.
The appellants, defendants in the trial court, appeal a judgment domesticating a New Jersey judgment. The only valid point on appeal is whether the defendants had sufficient “minimum-contacts” in the State of New Jersey to justify service of process under the New Jersey “long-arm statute”. We find that such “minimum-contacts” did exist.
The record reveals the following facts. Beginning negotiations for the entry into a contract in Florida were commenced in New Jersey. The subject matter of the contract was the supplying to a New Jersey association of an airplane to transport its members and others between New Jersey and Nevada. The defendants caused an uncertified airplane to be delivered to New Jersey. It made two trips transporting New Jerseyans to Nevada. Before they could be returned, the federal aviation authorities grounded the plane in Nevada because it was not duly certified for such charter. Thereafter the appellees instituted an action in New Jersey perfecting service under the New Jersey “long-arm statute”.
We find that the above outlined facts amply justify a finding of “minimum-contacts” by the appellants with the State of New Jersey. Therefore the constructive service of process was valid. Carida v. Holy Cross Hospital, Inc., 424 So.2d 849 (Fla. 4th DCA 1982); Weiss v. Morris Rosenbloom & Co., 410 So.2d 1005 (Fla. 3d DCA 1982); Beckwith v. Bethlehem Steel Corp., 182 N.J.Super. 376, 440 A.2d 1372 (1977); Radigan v. Innisbrook Resort and Golf Club, 150 N.J.Super. 427, 375 A.2d 1229 (1977); Oliff v. Kiamesha Concord, Inc., 106 N.J.Super. 121, 254 A.2d 330 (1969).
The other points urged for reversal all go to the merits of the New Jersey claim and should have been raised therein, Pettijohn v. Dade County, 446 So.2d 1143 (Fla. 3d DCA 1984); Klee v. Cola, 401 So.2d 871 (Fla. 4th DCA 1981), therefore the Florida judgment here under review be and the same is hereby affirmed.
Affirmed.