686 A.2d 1245

JOHN J. HALAK, PLAINTIFF–APPELLANT, v. JACK SCOVILL,
SUSAN SCOVILL, HAVEN CHARTERS AND ARPEGE
CHARTERS, INC., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted September 10, 1996—Decided January 15, 1997.

Before Judges PRESSLER, STERN and HUMPHREYS.

*Halak & Associates*, attorneys for appellant (*Mr. Halak*, on the brief).

*Colquhoun & Colquhoun*, attorneys for respondents (*Kevin F. Colquhoun*, on the brief).

The opinion of the court was delivered by

HUMPHREYS, J.A.D.

Plaintiff, an attorney and New Jersey resident, chartered a boat in Maryland for a three day excursion on the Chesapeake Bay. The boat malfunctioned. The parties could not agree on the amount of a refund. Plaintiff stopped payment on checks he had given to the defendants for the charter fee. The defendants then filed a criminal complaint in Maryland against the plaintiff based on the stopped payment. A warrant was issued for plaintiff's arrest. Defendants also allegedly advised other boat charterers in Maryland that plaintiff had issued a bad check and that a warrant for his arrest was outstanding.

Plaintiff engaged counsel in Maryland to defend against the criminal complaint. The Maryland Attorney General's office determined that it would not prosecute the complaint and it was dismissed.

Plaintiff brought suit in New Jersey alleging breach of contract, malicious prosecution, abuse of process and defamation. The complaint was dismissed because: (1) service of process was insufficient; and (2) the court lacked "general personal jurisdiction over the defendants." Plaintiff appeals the dismissal. We hold that sufficient minimum contacts with New Jersey have been shown and therefore jurisdiction may be exercised over the defendants.

I

When a lawsuit is filed, the court may assert personal jurisdiction over a party not present in the forum state if that party has

"certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 *U.S.* 310, 316, 66 *S.Ct.* 154, 158, 90 *L.Ed.* 95, 102 (1945); *Lebel v. Everglades Marina, Inc.,* 115 *N.J.* 317, 322, 558 *A.2d* 1252 (1989).

The Court must evaluate " 'the burden on the defendant,' 'the forum state's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.' " *Burger King Corp. v. Rudzewicz,* 471 *U.S.* 462, 477, 105 *S.Ct.* 2174, 2184, 85 *L.Ed.2d* 528, 543 (1985) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 *U.S.* 286, 292, 100 *S.Ct.* 559, 564, 62 *L.Ed.2d* 490, 498 (1980)).

 New Jersey will exercise jurisdiction on non-resident defendants "to the uttermost limits permitted by the United States Constitution." *Avdel Corp. v. Mecure,* 58 *N.J.* 264, 268, 277 *A.2d* 207 (1971). Once "minimum contacts" have been found, the out-of-state defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King, supra,* 471 *U.S.* at 477, 105 *S.Ct.* at 2185, 85 *L.Ed.2d* at 543; *see also Lebel, supra,* 115 *N.J.* at 328, 558 *A.2d* 1252.

 The "measure of minimum contacts" varies depending on the nature of the case. *Lebel, supra,* 115 *N.J.* at 322, 558 *A.2d* 1252. If the cause of action relates directly to the defendant's contacts with the forum state, the issue is one of "specific jurisdiction." *Ibid.; Waste Management, Inc. v. Admiral Ins. Co.,* 138 *N.J.* 106, 119, 649 *A.2d* 379 (1994), *cert. denied,* —— *U.S.* ——, 115 *S.Ct.* 1175, 130 *L.Ed.2d* 1128 (1995); *Citibank, N.A. v. Estate of Simpson,* 290 *N.J.Super.* 519, 526, 676 *A.2d* 172 (App.Div.1996); *Pfundstein v. Omnicom Group, Inc.,* 285 *N.J.Super.* 245, 251, 666 *A.2d* 1013 (App.Div.1995); *Creative Business v. Magnum,* 267

*N.J.Super.* 560, 568–69, 632 *A.*2d 298 (App.Div.1993); *Cruz v. Robinson Engineering Corp.*, 253 *N.J.Super.* 66, 72–73, 600 *A.*2d 1238 (App.Div.), *certif. denied*, 130 *N.J.* 9, 611 *A.*2d 648 (1992). If the suit is not related directly to the defendant's contacts, but based instead "on the defendant's continuous and systematic activities in the forum," then the State's exercise of jurisdiction is general. *Waste Management, supra,* 138 *N.J.* at 119, 649 *A.*2d 379.

In a specific jurisdiction case, the minimum contacts inquiry must focus on the relationship among the defendant, the forum and the litigation. A "lesser standard is required to sustain the exercise of specific jurisdiction." *Citibank, supra,* 290 *N.J.Super.* at 527, 676 *A.*2d 172. In such a case, "the 'minimum contacts' requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." *Lebel, supra,* 115 *N.J.* at 323, 558 *A.*2d 1252. The purposeful contact requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated,' contacts." *Ibid.* "The question is whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Id.* at 324, 558 *A.*2d 1252 (citing *World–Wide Volkswagen,* 444 *U.S.* at 297, 100 *S.Ct.* at 567, 62 *L.Ed.*2d at 501).

In *Lebel, supra,* the Court said that the mere fact that neither defendant nor the product sold by defendant was ever physically present in New Jersey does not preclude a finding that minimum contacts existed so long as the defendant's efforts were purposely directed toward a resident of this State and the defendant was aware that the sale would have direct consequences in New Jersey. 115 *N.J.* at 327, 558 *A.*2d 1252. Under these circumstances, the court said, the defendant should have been aware of the possibility of litigation arising in New Jersey. *Ibid.*

Mere foreseeability of an event in another state is not a "sufficient benchmark" for the exercise of personal jurisdiction. *Lebel, supra,* 115 *N.J.* at 324, 558 *A.*2d 1252. However, if the

cause of action is "related to the defendant's contacts with the forum state, an isolated act may be sufficient to subject the defendant to the jurisdiction of the forum." *Charles Gendler Co. v. Telecom Equipment Corp.*, 102 *N.J.* 460, 471, 508 *A.*2d 1127 (1986); *see also In re Mutual Benefit Life Insurance Co.*, 258 *N.J.Super.* 356, 369–71, 609 *A.*2d 768 (App.Div.1992) (in specific jurisdiction matters, the fact that a non-resident has entered into a contract with a party in the forum state is a factor to be considered).

## II

Defendants contend that their contacts with New Jersey were too slight to permit New Jersey to assert jurisdiction over them. Defendants stress that the yacht was chartered in Maryland from a Maryland corporation whose only place of business is Maryland, and that the alleged mechanical difficulties occurred in Maryland.

Defendants, however, had some contact with New Jersey. Plaintiff alleges that the defendants sent the contract to plaintiff at his New Jersey address and plaintiff signed it in New Jersey. Plaintiff says he negotiated the contract over the telephone while he was in New Jersey and his check was drawn on a New Jersey bank. Further, the plaintiff had apparently chartered a boat from the defendant the previous year. Consequently, a prior business relationship existed between the parties.

These contacts standing alone might not be sufficient "minimum contacts" to warrant a New Jersey court's exercise of jurisdiction over the defendants. However, when these contacts are considered with the defendants' subsequent acts of filing a criminal complaint, obtaining an arrest warrant, and advising other boat charterers in Maryland that the plaintiff was subject to arrest, the totality of the circumstances meet the standard of "minimum contacts."

Assuming the validity of plaintiff's claims, the defendants committed intentional torts against a New Jersey resident. Thus,

plaintiff's cause of action resulted from the defendants' purposeful conduct against him, a New Jersey resident, and not his unilateral activities. Further, the defendant's purposeful conduct arose out of a business relationship with a New Jersey resident. Consequently, defendants are not being "haled" into a New Jersey court solely as a result of "random," "fortuitous," or "attenuated" contacts. *See Lebel, supra,* 115 *N.J.* at 323, 558 *A.*2d 1252. A person who commits a tort arising out of a business dispute with a New Jersey resident and has some contacts with New Jersey in connection with that business transaction should reasonably anticipate being sued in New Jersey. *See World–Wide Volkswagen, supra,* 444 *U.S.* at 297–98, 100 *S.Ct.* at 567–68, 62 *L.Ed.*2d at 501–02.

Furthermore, jurisdiction in tort actions is found more readily. As stated by Judge Keefe in *Beckwith v. Bethlehem Steel Corp.,* 182 *N.J.Super.* 376, 440 *A.*2d 1372 (Law Div.1981), "[j]urisdiction in tort actions may be premised upon a single contact with the forum if the contact results in injury to one of its residents. New Jersey has a strong interest in providing access to its courts for citizens who have sustained injury due to the actions of an out of state defendant." *Id.* at 384, 440 *A.*2d 1372; *see also Blessing v. Prosser,* 141 *N.J.Super.* 548, 549–50, 359 *A.*2d 493 (App.Div.1976) (in tort action by New Jersey resident for a fall in an out-of-state motel, jurisdiction in New Jersey was permitted based upon the motel's advertisements in travel books circulated in New Jersey).

Jurisdiction in the forum state may also be based on the effects in the forum state of a non-resident's actions. In *Calder v. Jones,* 465 *U.S.* 783, 104 *S.Ct.* 1482, 79 *L.Ed.*2d 804 (1984), the Supreme Court of the United States upheld the jurisdiction of the California court over a non-resident newspaper reporter and editor in an action for defamation. The Court held that California's exercise of jurisdiction was proper based on the "effects" in California of the defendant's Florida conduct. *Ibid.* The intentional conduct of the defendant in Florida was "calculated to cause injury to [plaintiff] in California." *Id.* at 791, 104 *S.Ct.*

at 1488, 79 *L.Ed.*2d at 813; *see also Johnson v. Bradbury,* 233 *N.J.Super.* 129, 134, 558 *A.*2d 61 (App.Div.1989) (plaintiff's actions in uprooting herself from New Jersey in consideration of her non-resident father's promise to afford her a college education created "effects" within New Jersey and therefore conferred jurisdiction upon New Jersey); *Wolpert v. North Shore University Hospital,* 231 *N.J.Super.* 378, 381, 555 *A.*2d 729 (App.Div.1989) (jurisdiction in New Jersey may be exercised against non-resident physicians who negligently prepared reports intending that the reports would be the basis for action in New Jersey); *Bovino v. Brumbaugh,* 221 *N.J.Super.* 432, 437–38, 534 *A.*2d 1032 (App.Div.1987) (jurisdiction not exercised over a non-resident physician who renders services in another state to a New Jersey patient who voluntarily travels to that other state to benefit from the physician's services); *see generally Restatement (Second) of Conflict of Laws* § 37 & cmt. (a)(2) (1971) (jurisdiction may be predicated upon an act, although not done with the intention of causing effects in the State, if the act could reasonably have been expected to do so).

Here, defendants' intentional conduct in obtaining an arrest warrant and notifying other charterers of plaintiff's allegedly criminal conduct would clearly have a significant effect on plaintiff, an attorney, in the state in which he resides and practices his profession. *See R.* 1:20–13(a)(1) (requiring a New Jersey attorney charged with a crime to inform the Office of Attorney Ethics). Fair play and substantial justice are enhanced by permitting plaintiff to obtain relief in New Jersey from the defendants' allegedly tortious activities directed toward him as a result of a dispute stemming from their business relationship.

## III

Plaintiff does not challenge on this appeal the judge's holding that the service of process was insufficient. Thus, if plaintiff does not effect proper service within a reasonable time, defendants may

move for dismissal on that ground. *See Crispin v. Volkswagenwerk, A.G.,* 96 *N.J.* 336, 345, 476 *A.*2d 250 (1984) (dismissal with prejudice for failure to issue a summons in accordance with the court rules should normally be ordered only if "no lesser sanction will erase the prejudice suffered by the non-delinquent party"); *X–L Liquors, Inc. v. Taylor,* 17 *N.J.* 444, 454–55, 111 *A.*2d 753 (1955) (after ineffective first attempt at service, the delay in proceeding with the second service did not prejudice the non-delinquent party and, consequently, action was not dismissed).

Reversed and remanded for further proceedings consistent with this opinion.