NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2066-23

ALTERNATIVE GLOBAL ONE,
LLC, ALTERNATIVE GLOBAL
TWO, LLC, ALTERNATIVE
GLOBAL THREE, LLC,
ALTERNATIVE GLOBAL FOUR,
LLC, ALTERNATIVE GLOBAL
FIVE, LLC, and ALTERNATIVE
GLOBAL SIX, LLC,

     Plaintiffs-Respondents,

v.

DAVID FEINGOLD and
MICHAEL DAZZO,

     Defendants.

_____

DANIEL W. AMANIERA,

     Appellant.

_____

> APPROVED FOR PUBLICATION
>
> **October 30, 2024**
>
> APPELLATE DIVISION

Argued September 23, 2024 – Decided October 30, 2024

Before Judges Sabatino, Gummer, and Jacobs.

On appeal from the Superior Court of New Jersey,
Law Division, Middlesex County, Docket No.
L-4804-23.

Danielle E. Cohen argued the cause for appellant (Tesser & Cohen, attorneys; Danielle E. Cohen, on the briefs).

Aaron Van Nostrand argued the cause for respondents (Greenberg Traurig, LLP, attorneys; Aaron Van Nostrand, on the brief).

The opinion of the court was delivered by

GUMMER, J.A.D.

Daniel W. Amaniera, a New Jersey resident who is not a party in the underlying Florida litigation, appeals from an order and amended order denying his motion to quash a subpoena for his deposition and for a protective order. Perceiving no abuse of discretion or misapplication of the law, we affirm.

In Alternative Global One, LLC v. Feingold, No. 2023-000688-CA-01 (Fla. Cir. Ct. filed Jan. 17, 2023), plaintiffs allege defendants David Feingold and Michael Dazzo "are attempting to convert [certain investments] from [plaintiffs] to their own benefit" and that defendants have "refus[ed] to provide [plaintiffs] with their own books and records." Plaintiffs served a subpoena ad testificandum on appellant to depose him in New Jersey pursuant to Rule 4:11-4(b), seeking only his deposition. Plaintiffs did not request he produce any documents.

Appellant moved to quash the subpoena and for a protective order. In support of his motion, appellant submitted a six-paragraph certification. According to appellant, Richard Cardinale "formed . . . and solely managed" an investment firm with which appellant previously had worked and now is "a self-proclaimed competitor" of Broadstreet Inc., with which appellant is currently affiliated. In his certification, appellant asserted Cardinale was "trying to bully and harass [him] now with a subpoena" and speculated Cardinale was "seeking to obtain confidential business information from [him], related to Broadstreet Inc." Appellant claimed he has no "direct" relationship with any of the plaintiff entities.

Appellant also submitted in support of his motion the certifications of his attorney, who described Cardinale as "the sole member" of the plaintiff entities and defendants as their former "managing members." Attached to the attorney's certifications were documents from other lawsuits, including Feingold v. Cardinale, No. 1:22-cv-20375 (S.D. Fla. filed Feb. 5, 2022), a lawsuit defendants had filed against Cardinale and others. One of those documents is an uncaptioned, nine-page affidavit of appellant, in which he testified about his relationship with Cardinale; the training he had received from him, including training on what to advise investors; what Cardinale had told him about a new investment firm he was starting; the work he had

performed with Cardinale and the new firm; his non-voting ownership of 1.5% of Alternative Global Management, LLC, which ultimately owned the plaintiff entities; how Cardinale operated his business; representations Cardinale had made about corporate performance; the deals in which appellant's clients had invested based on Cardinale's representations; and investor meetings appellant had attended.

In opposition to the motion, plaintiffs submitted Cardinale's certification and the certification of one of their attorneys. Documents referencing appellant were attached to Cardinale's certification. Litigation materials and affidavits of various investors were attached to counsel's certification. In their affidavits, the investors testified about their dealings with and knowledge about appellant, defendants, plaintiffs, and Cardinale. The litigation materials included a joint case management report submitted by the parties to the Florida court. In that report, the parties identify appellant as a fact witness.

On March 7, 2024, the trial court entered an order denying the motion and, a week later, an amended order with an attached statement of reasons. Noting the "extremely broad" scope of pretrial discovery, the court held the factors outlined in Berrie v. Berrie, 188 N.J. Super. 274, 284 (Ch. Div. 1983), "clearly show[ed] that the deposition should occur and is relevant to the matter at hand." The court found the deposition was "not harassment"; the purpose of

A-2066-23

the deposition was "to gather information known by [appellant] that may be relevant to the case," which could not be gathered by other means; and "no showing" had been made "that the subpoena should be quashed," referencing an insufficient "blanket statement claiming the information is privileged without specifics."

This appeal followed.  Appellant contends the court erred in denying his motion by overlooking what he claims is the harassing purpose behind the subpoena and failing to recognize that it seeks duplicative and irrelevant information.  He also argues the court misapplied the Berrie factors. Unpersuaded by those arguments, we affirm.

We give "substantial deference to a trial court's disposition of a discovery dispute."  Brugaletta v. Garcia, 234 N.J. 225, 240 (2018).  We "will not ordinarily reverse a trial court's disposition on a discovery dispute 'absent an abuse of discretion or a judge's misunderstanding or misapplication of the law.'"  Id. at 240 (quoting Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017)); see also Trenton Renewable Power, LLC v. Denali Water Sols., LLC, 470 N.J. Super. 218, 226 (App. Div. 2022) (applying the same standard of review).

Rule 4:10-2(a) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the

pending action . . . ." "Relevant evidence" is "evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. "[I]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence . . . ." R. 4:10-2(a).

New Jersey courts construe discovery rules "liberally in favor of broad pretrial discovery." Lipsky v. N.J. Ass'n of Health Plans, Inc., 474 N.J. Super. 447, 463 (App. Div. 2023) (quoting Payton v. N.J. Tpk. Auth., 148 N.J. 524, 535 (1997)). "[E]ssential justice is better achieved when there has been full disclosure so that the parties are conversant with all the available facts." Ibid. (quoting Jenkins v. Rainner, 69 N.J. 50, 56 (1976)). The goal of discovery is to "accord[ ] the broadest possible latitude to ensure that the ultimate outcome of litigation will depend on the merits in light of the available facts." Davis v. Disability Rts. N.J., 475 N.J. Super. 122, 141 (App. Div.) (quoting Serrano v. Underground Utils. Corp., 407 N.J. Super. 253, 268, (App. Div. 2009)), leave to appeal denied, 254 N.J. 180 (2023).

A party's discovery rights, however, "are not unlimited." Trenton Renewable, 470 N.J. Super. at 226 (quoting Piniero v. N.J. Div. of State Police, 404 N.J. Super. 194, 204 (App. Div. 2008)). "Our rules recognize that

'a party or . . . the person from whom discovery is sought' may 'for good cause shown' seek 'any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Id. at 227 (emphasis omitted) (quoting R. 4:10-3); see also R. 4:10-2(g) (authorizing a court under certain circumstances to limit discovery sua sponte). Thus, "to overcome the presumption in favor of discoverability, a party must show 'good cause' for withholding relevant discovery by demonstrating, for example, that the information sought is a trade secret or is otherwise confidential or proprietary." Cap. Health Sys., Inc., 230 N.J. at 80 (quoting R. 4:10-3). "The party attempting to show that 'secrecy outweighs the presumption' of discoverability must be 'specific[] . . . ; [b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient.'" Ibid. (alterations in original) (quoting Hammock by Hammock v. Hoffmann-LaRoche, Inc., 142 N.J. 356, 381-82 (1995)).

A court should assess certain considerations "when facing a discovery dispute involving a non-party to the litigation . . . ." Trenton Renewable, 470 N.J. Super. at 231. Those considerations include:

> (1) the "necessity a party may be under" in seeking the discovery, or the importance of the information sought in relation to the main case; as against (2) the relative simplicity in which the information may be supplied by defendant, and the availability of less burdensome means to obtain the same information.

> [Id. at 229 (emphasis omitted) (quoting Beckwith v. Bethlehem Steel Corp., 182 N.J. Super. 376, 382 (Law Div. 1981)).]

See also Berrie, 188 N.J. Super. at 282-83 (holding that whether the burdens of discovery outweigh the benefits "deserves close scrutiny with respect to the interests of a nonparty"). However, "a nonparty deponent may not assert lack of relevancy or materiality since he has no real interest in the outcome of the pending litigation." Berrie, 188 N.J. Super. at 279-80.

But that is exactly what appellant argues. He asserts "there is no conceivable reason to depose [him]" and that "the deposition seeks irrelevant information." He makes those assertions even though the parties identified him as a fact witness in their joint submission to the Florida court. His assertions are further belied by his uncaptioned affidavit his counsel submitted, the affidavits of investors that plaintiffs submitted, and his concession in his merits brief that he had some albeit "limited involvement and communications with investors." He contends in his merits brief – but not in the certification he submitted in support of his motion – he "did not convey [to investors] any information related to the claims in the [u]nderlying [l]itigation or have any direct knowledge of the underlying facts." Plaintiffs have a right under our discovery rules to explore that assertion in a deposition with appellant under oath.

Appellant claims his assertion of harassment is supported by plaintiffs' purported failure to provide on the subpoena "the areas of anticipated questioning." Subparagraph 3 of Rule 4:11-4(b) enumerates the mandatory contents of a subpoena issued pursuant to that rule. It does not require the party seeking the deposition to identify "the areas of anticipated questioning."

Appellant's blanket assertion that Cardinale intends to use his deposition to obtain confidential information regarding Broadstreet Inc. is equally speculative and unsupported. Even if appellant had established confidentiality as a valid concern, plaintiffs' counsel represented during oral argument before this court that plaintiffs would be willing to enter into a standard confidentiality order. See R. 4:10-3(g) (court on the parties' stipulation may enter an order regarding discovery of confidential information).

Appellant contends "there is no conceivable testimony that could be given by [him] that is not already known to Cardinale." Even if appellant had made that contention with respect to plaintiffs, it is not "ground for objection that the examining party has knowledge of the matters as to which discovery is sought." R. 4:10-2(a). Appellant faults plaintiffs for "not demonstrat[ing] that there is no less burdensome means to obtain the information they are seeking such as taking the depositions of the [d]efendants or conducting basic discovery in the [u]nderlying [l]itigation related to the involvement of the

parties." Appellant, however, has not shown how his deposition is "duplicative" or how defendants' depositions or "basic discovery" would, as the trial court held, "gather information known by [appellant]."

In denying appellant's motion, the court did not abuse its discretion or misapply the law, including in its conclusion the <u>Berrie</u> factors "clearly show the deposition should occur and is relevant to the matter at hand." Accordingly, we affirm. Nothing in this opinion precludes the interposition of appropriate objections at the deposition on a question-by-question basis.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2066-23